**United States Bankruptcy Court**

**Middle District of Georgia, Columbus Division**

| | |
|---|---|
| DEBTOR<br>**Myers, Felicia Latrell** | Chapter **13** _____<br>Case No. _____<br>**[ ]** Check if this is a modified plan, and list below the sections of the plan that have been changed. |

**Original Plan**

# CHAPTER 13 PLAN
# MIDDLE DISTRICT OF GEORGIA
# (NOT OFFICIAL FORM 113)

**Part 1: Notices**

| | |
|---|---|
| **To Debtors:** | **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**<br><br>*In the following notice to creditors and statement regarding your income status, you must check each box that applies.* |
| **To Creditors:** | **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**<br><br>You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.<br><br>If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan. |

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan. Any nonstandard provisions placed in any part other than Part 6 are void.**

| 1.1 | **Limit the Amount of a Secured Claim:** The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | **[ ]** Included | **[X]** Not included |
|---|---|---|---|
| 1.2 | **Avoidance of Liens:** The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6** | **[ ]** Included | **[X]** Not included |
| 1.3 | **Nonstandard Provisions:** The plan sets out **Nonstandard Provisions in Part 6.** | **[ ]** Included | **[X]** Not included |

    **1.4 Income status of debtor(s) as stated on Official form 122-C1**

        **Check One:**

        **[X]** The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

[ ] The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

**Part 2: Plan Payments and Length of Plan**

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of **520.00 monthly** (If the payments change over time include the following.) These plan payments change to

2.2. **Additional Payments:** Additional payments of  will be made on  from  (Source)

2.3. **Trustee Percentage Fee:** The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. **Plan Length:** If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor(s)' current monthly income is not less than the applicable median income specified in11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

**Part 3: Treatment of Secured Claims**

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. **Long Term Debts:** The monthly payments will be made on the following long-term debts (including debts secured by the debtor's(s') principal residence): (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| None | | | [ ] |

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts (including debts secured by the debtor's(s') principal residence) where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (IF APPLICABLE) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| None | | | | |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See §* 1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Santander Consumer USA** | $17,187.46 | 5.75 | 2017 Toyota Camry | 350.00 |
| **Badcock Home Furnishings** | $1,473.92 | 5.75 | washing machine & dryer | 32.00 |
| **Transportation Alliance Bank** | $1,873.96 | 5.75 | sofa & 3 pc coffee table set | 41.00 |

3.4. **Preconfirmation Adequate Protection:** Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

GAMB Form 113 12/1/18

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Santander Consumer USA** | **172.00** |
| **Badcock Home Furnishings** | **15.00** |
| **Transportation Alliance Bank** | **19.00** |

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| None | | | | | |

3.6. **Surrendered Collateral:** The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. Upon confirmation of this plan, the stay under § 362(a) will terminate as to the collateral only and the stay under § 1301 will terminate in all respects unless the debt is listed as a classified debt in Paragraph 5.3 of the plan. An allowed unsecured claim resulting from the disposition(s) of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| None | |

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
| **Fedloan Servicing** | |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

## Part 4: Treatment of Fees and Priority Debt

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of **3,065.00** to be paid as follows: **(SELECT ONE)**
   **[X]**   Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases.
   **[ ]**   Hourly billing: Attorneys are required to file an application for compensation with the Court, including an itemization of their time, in accordance with the Administrative Order on Attorney Fees in Chapter 13 Cases.

4.2   **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3. **Domestic Support Obligations:** The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None | |

4.4. **Priority Claims:** All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3 will be paid in full over the life of the plan as funds become available in the order specified by law.

GAMB Form 113 12/1/18

**Part 5:  Treatment of Non Priority Unsecured Claims**

5.1.    **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form 122C of  **0.00**  to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive  **0.00**  . Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay  **0.00**  to the general unsecured creditors to be distributed prorata.

5.2.    **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a)  **0.00**  % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) the debtor(s) anticipates unsecured creditors will receive a dividend of _____%, but will also pay the highest amount shown in paragraph, 5.1(a), 5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3.    **Classified Unsecured Claims:** The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision.**

| NAME OF CREDITOR | REASON FOR CLASSIFICATION | ESTIMATED AMOUNT OF CLAIM | INTEREST RATE (IF APPLICABLE) |
|---|---|---|---|
| **None** | | | |

5.4.    **Executory Contracts and Unexpired Leases:** The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions.**

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| **Progressive Leasing** | **recliner & loveseat (debtor hereby assumes lease)** |

5.5.    **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6.    **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6:  Nonstandard Provisions**

GAMB Form 113 12/1/18

**Nonstandard Provisions:** Under Bankruptcy rule 3015(c), all nonstandard provisions are required to be set forth below. *These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked and any nonstandard provisions placed elsewhere in the plan are void.*

**Part 7: Signatures**

7.1.    **Certification:** The debtor's(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia, except for language contained in **Part 6: Nonstandard Provisions.**

Debtors

/s/ Felicia Latrell Myers                                         Date: **June  28, 2019**
Signature of debtor

_____                               Date:
Signature of debtor

Debtor(s) Attorney

/s/ Samuel Kennedy                                                Date: **June 28, 2019**
Signature of debtor's(s') attorney

GAMB Form 113 12/1/18